# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>CARLOS JONATHAN GONZALEZ BECERRA,<br>　　　Defendant. | EDCV 19-2231 DSF<br>CR 07-812 DSF<br><br>Order DENYING Petition for Writ of Habeas Corpus and DENYING Certificate of Appealability |

　　　Petitioner filed a document titled "Petition for Writ of Habeas Corpus" on a form approved for optional use by the Judicial Council of the State of California. It is not clear whether petitioner believes he is in custody based on a state court matter. He is in custody for violating terms of his supervised release in Case No. CR 07-812. He was sentenced on the violations by this Court on January 7, 2020. He was, and may still be, housed in San Bernardino County jail on that matter. He states that the petition relates to a "conviction" and "jail or prison conditions," and that the nature of the offense is "don't report to probation officer California" and "come to U.S.A." (p. 2 of 6.)

　　　The petition is almost completely unintelligible, but petitioner has written to this Court on numerous occasions and has recently testified on his own behalf at the hearing on the alleged violations of supervised release. This information assists the Court in its

interpretation of the petition.  He was represented by counsel at the supervision violation hearing.  He was found to have violated supervision, but he had not been "convicted' of those violations until January 7.[1]  The Court interprets the petition as (prematurely) challenging the Court's findings concerning the violations.

Petitioner contended at the violation hearing, as he does in the petition, that he was kidnapped, brought to the United States against his will, threatened, and that he repeatedly told various police agencies about his plight.  (pp. 3 and 4 of 6.)  The Court found that he was not credible and that he had violated supervision.  To the extent petitioner claims he was illegally arrested and falsely charged, (p. 6 of 6), the Court takes judicial notice of its own records, which establish that his claims fail.  To the extent he claims he could not report to his probation officer because his life was in danger (id.), the Court has already found that claim to be false.

To the extent petitioner has some claim about his legal documents, this is not the proper method to assert it.

The Court finds there is no merit to petitioner's claims and no reason to have a hearing on this petition.

The motion is DENIED.  To the extent a ruling on a certificate of appealability is required, the Court declines to issue a certificate of appealability because Defendant has not shown that "jurists of reason would find it debatable whether": (1) "the

---

[1] It may be that the reference in the petition to "conviction" is to his conviction in Case No. 07-812, or to an earlier violation of supervision.

[motion] states a valid claim of the denial of a constitutional right"; or (2) "the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: January 10, 2020

Dale S. Fischer
United States District Judge